**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RHONDA BULLOCK, YOUNG HOU, LEON ROBINSON, RICHARD SCHOENBERGER, GLENN SMITH, and WILLIAM WELCH, ON BEHALF OF THEMSELVES & SIMILARLY SITUATED EMPLOYEES,**

                **Plaintiffs,**

**-vs-**                            **Case No.  6:09-cv-632-Orl-28KRS**

**LVN PROPERTY MANAGEMENT, LLC, and MARY NGUYEN,**

                **Defendants.**

_____

## ORDER

In this action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Plaintiffs seek to collect overtime compensation from Defendants LVN Property Management, LLC ("LVN"), and Mary Nguyen ("Nguyen"), the manager of LVN. Plaintiffs were formerly employed by LVN as housekeepers and maintenance workers at a hotel known as the Carefree Inn in Kissimmee, Florida. LVN has filed for bankruptcy, and this action has been stayed as against LVN only.

This cause is before the Court on the Renewed and Restated Motion for Summary Judgment (Doc. 113) filed along with a supporting Memorandum of Law (Doc. 114) by Nguyen. Plaintiffs have filed a Response in Opposition (Doc. 122). Nguyen argues in the motion that there is no basis for holding her personally liable under the FLSA on the facts

of this case.

## I.  Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'"  <u>Sawyer v. Southwest Airlines Co.</u>, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (quoting <u>Anderson</u>, 477 U.S. at 251-52).

## II.  Discussion

Nguyen "cannot be held individually liable for violating the overtime provision of the FLSA unless [s]he is an 'employer' within the meaning of the Act." <u>Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.</u>, 515 F.3d 1150, 1160 (11th Cir. 2008).  The FLSA "broadly defines an employer as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'"  <u>Id.</u> (quoting 29 U.S.C. § 203(d)).  "Whether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'"  <u>Id.</u> (quoting <u>Hodgson v. Griffin & Brand of McAllen,</u>

Inc., 471 F.2d 235, 237 (5th Cir. 1973)) (further internal quotation and citation omitted).

The Eleventh Circuit has "recognized that '[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Id. (quoting Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986)). But, "in order to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" Id. (quoting Patel, 803 F.2d at 638).

In her affidavit submitted with her summary judgment motion, Nguyen states that she is the manager of LVN and also has an ownership interest in LVN. (Doc. 121 ¶¶ 2-3). She explains that in 2008, LVN entered into a management agreement with Gary Metzger, pursuant to which Metzger or his company was solely responsible for the day-to-day operation of the Carefree Inn. (Id. ¶ 5). Nguyen attests that Metzger or his company hired the six Plaintiffs. (Id. ¶ 7). Nguyen further states that she never managed any of the Plaintiffs or directed their work; never made their schedules; never determined their rate of pay; and never made any decisions regarding overtime pay. (Id. ¶¶ 8-11). She declares that all decisions as to hiring, management, scheduling, pay rates, and overtime were made solely by Metzger or persons under his direction. (Id. ¶ 12). Nguyen further states that she wrote checks in amounts requested by Metzger, including checks to the Plaintiffs. (Id. ¶ 13).

In addition to her affidavit, Nguyen has submitted the interrogatory responses of the Plaintiffs. (Docs. 115-120). Nguyen notes that in none of those Responses do the Plaintiffs identify her as directing day-to-day operations, setting schedules, hiring or firing, or

determining compensation.  (See Doc. 114 at 3).

In response to Nguyen's summary judgment motion, Plaintiffs have submitted affidavits of four of the six Plaintiffs as well as two affidavits of Metzger—named by Nguyen as a Third-Party Defendant in this case—and they have also submitted excerpts from the deposition of Plaintiff Leon Robinson.  (Attachs. to Doc. 122).  In the four Plaintiffs' affidavits, each affiant states that he or she was hired by Esther Headley, the general manager of the Carefree Inn; that their "daily activities were directed by either Ms. Headley or Mary Nguyen, who[m they] understand was the property owner"; that their paychecks were always signed by Nguyen, with the checks indicating that either LVN or Nguyen was the issuer thereof; and that Metzger did not handle payroll, though he occasionally let Plaintiffs know what work had to be done.  (Affs. of Smith, Bullock, Schoenberger, & Welch).

In his deposition, Plaintiff Robinson testified that Headley consulted with Nguyen about hiring him, (Robinson Dep. at 16); that Headley talked to Nguyen about his pay rate, (id. at 18); that all the paychecks he received came from Nguyen and were signed by Nguyen, (id. at 19, 27-28); that Headley made his work schedule, (id. at 20); that Nguyen "was there quite a bit[] but she wasn't there like all day long to see exactly what everybody was doing" and was "going by what [Headley] would tell her," (id. at 28); that Nguyen came to the inn "every single day" from 1:30 to 5:00 or 6:00, (id. at 32); that Nguyen handled funds and also went around the premises to see what work was being done, (id.); that Nguyen directed or controlled their activities through Headley, (id. at 33); that Nguyen criticized or commented on the work that was being done, (id. at 32-33); that Headley and Nguyen would view eight to ten rooms a day, (id. at 33); and that he complained about his hours to Nguyen

and in response "she would kind of halfway shady play you off," (id. at 37).

In one of his affidavits, Metzger states that he did not have day-to-day control and that payroll was handled by Nguyen and Headley. (Metzger January 2010 Aff., Attach. to Doc. 122). In his second affidavit, Metzger states that "[a]ll day to day operations were directed by Ms. Headley, including hiring and discharge of workers at Ms. Nguyen's direction." (Metzger December 2011 Aff. ¶ 3). He further states that "[r]ecommendations by [him] for operational changes would be passed through [Headley] to Nguyen for approval." (Id. ¶ 4). Additionally, according to Metzger, Nguyen "was on the property on a daily basis and [he] personally observed her directing work activities of the maintenance crew regarding" various matters at the inn, and she also collected receipts from room rentals. (Id. ¶ 5). Metzger also attests that Nguyen handled all transactions with vendors and used cash receipts to buy supplies for use at the inn. (Id. ¶ 7).

The evidence presented by the parties is conflicting regarding the degree of operational control exercised by Nguyen. Thus, genuine issues of material fact remain for trial regarding whether Nguyen is an "employer" under the FLSA, and Nguyen's summary judgment motion must be denied.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Renewed and Restated Motion for Summary Judgment (Doc. 113) filed by Defendant Mary Nguyen is **DENIED**. This case remains set for trial on the Court's April 2012 trial calendar.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of January, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record