# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RHONDA BULLOCK, et al.,**

        **Plaintiffs,**

**-vs-**                                       **Case No. 6:09-cv-632-Orl-28KRS**

**MARY NGUYEN,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION
**(And Direction to the Clerk of Court)**

**TO THE UNITED STATES DISTRICT COURT:**

**I.    BACKGROUND.**

This case, filed as a putative collective action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and Florida Statutes § 448.08, commenced in 2009. Initially, there were six named Plaintiffs (Rhonda Bullock, Young Hou, Leon Robinson, Richard Schoenberger, Glenn Smith, and William Welch) and two Defendants (LVN Property Management, LLC and Mary Nguyen). No additional individuals ever filed notices of consent-to-join the case, and the case was never certified as a collective action.

In 2011, LVN Property Management, LLC ("LVN") filed for bankruptcy, and the Court stayed the case as to LVN. Doc. No. 126. The Court subsequently stayed the litigation as to both Defendants pending the outcome of LVN's bankruptcy proceedings. Doc. No. 136. On August 30, 2013, the Court dismissed LVN as a Defendant in this case, lifted the stay, and allowed the case to proceed against Defendant Nguyen. Doc. No. 140.

Four (4) of the original Plaintiffs (Plaintiffs Bullock, Hou, Schoenberger, and Smith) have now dismissed their claims against Defendant Nguyen and have been terminated as Plaintiffs in this case. Doc. Nos. 145, 150, 152. Accordingly, Plaintiffs Robinson and Welch are the only remaining Plaintiffs, and Defendant Nguyen is the only remaining Defendant.

On October 25, 2013, counsel of record for Plaintiffs Robinson and Welch filed a motion to withdraw. Doc. No. 146. At a status conference on October 31, 2013, Attorney Richard Weisberg represented that he had not spoken to Plaintiff Robinson in approximately a year and that he had not spoken to Plaintiff Welch in more than a year. Attorney Weisberg represented that he had begun attempting to contact Plaintiffs Robinson and Welch by telephone and mail in August 2013. He represented that, in addition to attempting verbal communication, he mailed letters to Plaintiffs Robinson and Welch at their last known addresses in August and September 2013. Attorney Weisberg represented that he was not able to make telephone contact with Plaintiffs Robinson and Welch and that he received no response to his August and September 2013 letters. He represented that the August and September 2013 letters were not returned as undeliverable. Attorney Weisberg represented that he also sent letters to Plaintiffs Robinson and Welch on October 7. He represented that the letter to Plaintiff Robinson was returned as undeliverable and that he received no response from Plaintiff Welch.

Following the October 31 status conference, the Court entered an Order requiring Plaintiffs Robinson and Welch to respond to counsel's motion to withdraw by November 8, 2013. Doc. No. 149. Citing Federal Rule of Civil Procedure 16(f), the Court warned Plaintiffs that a failure to file a response could result in dismissal of their claims without any further notice. The Court mailed the Order to Plaintiffs Robinson and Welch at their last known addresses on November 1, 2013.

The letter to Plaintiff Robinson was returned with a notation of "Return to Sender/Vacant, unable to forward." The letter to Plaintiff Welch was not returned.

In addition, Attorney Weisberg provided the Court with the last known telephone numbers for Plaintiffs Robinson and Welch. Court staff attempted to contact Plaintiffs Robinson and Welch at those telephone numbers on October 31, 2013 to inform them about the Court's forthcoming Order to respond to the motion to withdraw. Upon calling the telephone numbers, Court staff received a message stating that Plaintiff Robinson's telephone number was not in service and a message stating that the customer at Plaintiff Welch's telephone number was not available.

As of the writing of this Report and Recommendation, neither Plaintiff Robinson nor Plaintiff Welch has responded to the Court's Order.[1]

At the outset of this case, LVN also filed counterclaims against all of the named Plaintiffs, and Plaintiffs answered those counterclaims. Doc. Nos. 15, 17. The status of those counterclaims is somewhat unclear in light of LVN's bankruptcy and the Court's dismissal of LVN as a Defendant. However, the counterclaims have never explicitly been dismissed by the Court or LVN. At the status conference on October 31, 2013, counsel for LVN represented that LVN would be willing to withdraw those counterclaims if all of Plaintiffs' claims were dismissed, thereby suggesting that LVN is of the opinion that the counterclaims are still pending.[2]

---

[1] Due to this lack of response, the Court granted counsel's motion to withdraw on November 15, 2013. Doc. No. 151.

[2] LVN and Nguyen filed third-party claims against Gary Metzger, who responded with his own counterclaim against LVN and Nguyen. The claims between Third-Party Plaintiffs LVN and Nguyen and Third-Party Defendant Metzger were jointly dismissed with prejudice on June 30, 2011. *See* Doc. Nos. 100, 140. Thus, those claims are no longer at issue in the case.

The case is currently scheduled for trial in December 2013, although the parties have not yet completed the required final pretrial statement.

## II. DISCUSSION.

### A. *Claims of Plaintiffs Robinson and Welch.*

Based on the above events, it appears that Plaintiffs Robinson and Welch have abandoned their claims against Defendant Nguyen. Specifically, it appears that Plaintiff Robinson failed to respond to correspondence from his attorneys and then changed his address and telephone number without informing his attorneys about those changes – thereby making it impossible for his attorneys or the Court to contact him. Plaintiff Welch has not responded to his counsel's multiple attempts to contact him about this case. In addition, Plaintiff Welch has failed to comply with a Court Order, despite being warned that failure to do so could result in the dismissal of his claims without further notice. In this situation, I recommend that the Court dismiss the claims of Plaintiff Robinson and Plaintiff Welch against Defendant Nguyen without prejudice.

Because Plaintiffs Robinson and Welch originally asserted FLSA claims against Defendant Nguyen in 2009, I am aware that a dismissal without prejudice may effectively constitute a dismissal with prejudice due the expiration of the statute of limitations. However, Plaintiffs Robinson and Welch have failed to respond to their attorneys' communications, neither counsel nor the Court can reach Plaintiff Robinson, and Plaintiff Welch has failed to respond to the Court's Order requiring a response to counsel's motion to withdraw. The case cannot proceed without the Plaintiffs, and, thus, it appears that the Court has little choice but to enter a dismissal without prejudice.

### B. *LVN's Counterclaims.*

As mentioned above, the status of LVN's counterclaims against the named Plaintiffs in this case is somewhat unclear. To the extent they remain pending, I note that LVN's counterclaims against the named Plaintiffs do not state a basis for the Court to exercise jurisdiction over them. Doc. No. 15. Absent any allegations about the citizenship of the parties or the amount in controversy as to the counterclaims, the only possibility would be for the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which allows the Court to exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within [the Court's original jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." LVN's counterclaims relate solely to the value of Plaintiffs allegedly occupying various hotel rooms belonging to LVN without payment. Doc. No. 15. Thus, it is not clear that LVN's counterclaims "form part of the same case or controversy" as the claims within the Court's original jurisdiction – namely, Plaintiffs' FLSA claims for unpaid overtime wages. Regardless, even if the counterclaims do fall within the Court's supplemental jurisdiction, if the Court accepts my recommendation that the claims of Plaintiffs Robinson and Welch be dismissed without prejudice, I recommend that the Court decline to exercise supplemental jurisdiction over LVN's counterclaims pursuant to 28 U.S.C. § 1367(c)(3), which allows the Court to decline to exercise supplemental jurisdiction over claims when "the district court has dismissed all claims over which it has original jurisdiction."

## III.  RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS without prejudice** the claims of Plaintiff Leon Robinson and Plaintiff William Welch against Defendant Mary Nguyen. If the Court adopts my recommendation to dismiss the claims of Plaintiffs Robinson and Welch and determines that LVN's counterclaims against the original

named Plaintiffs remain pending, I **FURTHER RECOMMEND** that the Court **DECLINE** to exercise supplemental jurisdiction over LVN's counterclaims against the original named Plaintiffs pursuant to 28 U.S.C. § 1367(c)(3), dismiss those counterclaims without prejudice to being refiled in state court within the time permitted by § 1367, and **DIRECT** the Clerk of Court to close this file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiffs Robinson and Welch at the following addresses:**

Leon Robinson
506 Finch Court
Kissimmee, FL 34759

William Welch
13065 Falling Oak
Willis, TX 77318

Recommended in Orlando, Florida on November 18, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy